UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-81123-Civ-Cannon/Brannon

DR. EUGENE MISQUITH,

    Plaintiff,

v.

PALM BEACH COUNTY HEALTH CARE
DISTRICT, ST. MARY'S MEDICAL
CENTER, ROBERT BORREGO, and
PALM BEACH TRAUMA ASSOCIATES,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendants' Joint Motion to Dismiss Amended Complaint and Motion to Strike ("Motion") [DE 53], which has been referred to the undersigned for a report and recommendation. [DE 64].[1] Plaintiff responded in opposition [DE 55], and Defendants replied [DE 59]. With leave of Court, Defendants' filed supplemental authority in support of their Motion. [DE 62]. For the reasons stated below, the Court respectfully recommends that the Motion be **GRANTED IN PART AND DENIED IN PART**.

**I.    BACKGROUND**[2]

---

[1] This case has been referred to the undersigned for disposition of all pre-trial, non-dispositive motions and for a Report and Recommendation regarding dispositive motions. [DE 64].

[2] These background facts draw directly from the operative complaint [DE 39] and are taken as true for purposes of evaluating the instant Motion.

In July of 2020, Plaintiff filed suit in the Southern District of Florida against Palm Beach County Health Care District ("District"), St. Mary's Medical Center ("St. Mary's"), Dr. Robert Borrego, and Palm Beach Trauma Associates ("PBTA") (together, "Defendants"). [DE 1]. Plaintiff describes the parties' relationships as follows: The District is the State of Florida's designated Trauma Agency for Palm Beach County, responsible for the organization and management of trauma services offered in Palm Beach County [*Id.* ¶ 27]. St. Mary's is a hospital that houses a Level I Trauma Center. [*Id.* ¶ 28]. At the relevant times, PBTA was a General Partnership, with Dr. Borrego as a principal. [*Id.* ¶ 12]. District subsidizes the patient care of uninsured trauma patients at the Trauma Center. [*Id.* ¶ 31]. St. Mary's contracted with Dr. Borrego to serve as Director of the Trauma Center. [*Id.* ¶ 30]. Plaintiff asserts that Dr. Borrego supervised him while working at the Trauma Center, including setting the call schedule. [*Id.* ¶¶ 38-46]. Plaintiff signed two agreements with the District, one in 1999 and the other in 2009 ("Trauma Physician Agreement") [*Id.* ¶ 34].

Plaintiff asserts fourteen counts against the Defendants: disability discrimination under the Americans with Disabilities Act ("ADA") (Count I); retaliation under the ADA (Count II); race discrimination under Title VII (Count III); national origin discrimination under Title VII (Count IV); race discrimination under § 1981 (Count V); age discrimination under the Age Discrimination in Employment Act ("ADEA") (Count VI); discrimination under § 1983 (Count VII); race, national origin, disability, and age discrimination under the Florida Civil Rights Act ("FCRA") (Count VIII); retaliation under the FCRA (Count IX); retaliation under the Florida Whistleblower Act ("FWA") (Count X); breach of contract (Count XI); breach of the implied covenant of good faith and fair dealing (Count XII); alternative breach of contract (Count XIII); alternative breach of the implied covenant of good faith and fair dealing (Count XIV).

Defendants jointly moved to dismiss the complaint, arguing, inter alia, the complaint fails to comply with Fed. R. Civ. P. 8(a) and 10(c). [DE 53]. The undersigned agrees and recommends dismissing the complaint without prejudice for Plaintiff to plead its case in accordance with Federal Rules of Civil Procedure 8(a)(2) and 10(b).

## II.  DISCUSSION

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the absence thereof, a plaintiff "fail[s] to state a complaint upon which relief may be granted," in which a case a motion to dismiss is proper in lieu of a responsive pleading. Fed. R. Civ. P. 12(b)(6); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-96 (11th Cir. 2018) (discussing dismissal of "shotgun" pleadings for violations of Rule 8 in the context of Rule 12(b)(6) motions); *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) (in addition to violating Rule 8, "shotgun" pleadings violate the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *see Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("We have little tolerance for [shotgun pleadings]") (internal quotation and citation omitted). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th

Cir. 1997)). In fact, "[w]hen presented with a shotgun complaint, the district court should order repleading *sua sponte.*" *Ferrell v. Durbin,* 311 Fed. Appx. 253, 259 n.8 (11th Cir. 2009).

There are four rough types or categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321-23.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* (footnotes omitted).

Here, the operative complaint, consisting of 233 paragraphs, forty-seven pages, and fourteen counts, is an impermissible shotgun pleading. For instance, Plaintiff sets forth general allegations in paragraph one through eighty-four. [DE 39 ¶¶ 1-84]. Then, Plaintiff incorporates all of the general allegations into Count I. [*Id.* ¶ 85]. This indiscriminate incorporation of each numbered paragraph of factual allegations, without separating which of those allegations relate to a particular count, results the inclusion of factual allegations that are immaterial to the underlying causes of action. *Barmapov*, 986 F.3d at 1325. Thereafter, with the exception of Count XIII and XIV, beginning with Count II, Plaintiff adopts the allegations in the preceding count(s) in each successive count. [DE 39 ¶¶ 106, 116, 124, 130, 140, 157, 178, 193, 208, 217]. This "incorporation into successive counts all preceding allegations and counts, is a quintessential

4

'shotgun' pleading." *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n. 39 (11th Cir.2014). To be clear, Plaintiff may incorporate numbered paragraphs by reference later in the pleading; however, this is only appropriate when the referenced paragraphs are relevant. *Diaz v. Mekka Miami Grp. Corp.*, No. 16-CV-20589, 2016 WL 11201731, at *3 (S.D. Fla. June 21, 2016). Accordingly, the undersigned recommends dismissing the complaint without prejudice on the grounds that the pleading does not comply with Rules 8(a)(2) and 10(b).[3]

### III.  CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' Joint Motion to Dismiss Amended Complaint and Motion to Strike [DE 53] be **GRANTED IN PART AND DENIED IN PART.** Plaintiffs shall plead its case in accordance with Federal Rules of Civil Procedure 8(a)(2) and 10(b).

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida, the parties have fourteen (14) days from the date of this Report and Recommendation within which to file and serve written objections, if any, with the United States District Judge. Failure to file timely objections shall bar the parties from attacking any factual findings contained herein on appeal. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

---

[3] The undersigned encourages a review of the concurring opinion in *Barmapov*, which offers detailed guidance on avoiding shotgun complaints. *Barmapov*, 986 F.3d at 1326–27 (Tjoflat, J., concurring). Moreover, with the benefit of having analyzed Defendants' fifty-page Motion seeking to dismiss each and every count, the undersigned is hopeful that Plaintiff's amended pleading will be as specific and clear as possible.

**DONE AND RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of May, 2021.

*[signature]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE