UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-81123-CIV-CANNON/Reinhart

**DR. EUGENE MISQUITH**,

    Plaintiff,

v.

**ROBERTO BORREGO,** *et al.*,

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") [ECF No. 53], filed on December 7, 2020. The Motion to Dismiss was referred to Magistrate Judge Dave Lee Brannon for a Report and Recommendation ("Report") [ECF No. 64]. On May 7, 2021, Magistrate Judge Brannon issued a Report recommending that the Motion to Dismiss be granted in part and denied in part [ECF No. 65]. Specifically, the R&R concludes that the Amended Complaint is "an impermissible shotgun pleading" and "does not comply with Rules 8(a)(2) and 10(b)" [ECF No. 65, pp. 4-5]. The R&R recommends that the Amended Complaint be denied without prejudice so that Plaintiff may plead his case in accordance with Federal Rules of Civil Procedure 8(a)(2) and 10(b) [ECF No. 65, p. 5].

On May 21, 2021, Plaintiff timely filed a response to the R&R, objecting to the characterization of the Amended Complaint as a "shotgun pleading," and stating that "the facts outlined in the complaint necessarily apply to all of the Defendants" [ECF No. 67 ¶ 2]. Assuming the R&R is adopted, Plaintiff further requests leave to file a Second Amended Complaint in

CASE NO. 20-81123-CIV-CANNON/Reinhart

accordance with the Magistrate Judge's recommendation [ECF No. 67 ¶¶ 4-10]. The Court later struck Plaintiff's response to the R&R to the extent it sought leave of Court to amend a pleading because the motion did not contain a certificate of conference, as required by S.D. Fla. L.R. 7.1(a)(3) [ECF No. 68].

The Court has conducted a *de novo* review of the R&R and the record in this case and is otherwise fully advised in the premises. Upon review, the Court finds the R&R to be well-reasoned and correct. The Court therefore agrees with the analysis in the R&R and concludes that Defendants' Motion to Dismiss should be **GRANTED IN PART** for the reasons set forth therein.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R [ECF No. 65] is **ADOPTED**;

2. Defendants' Motion to Dismiss [ECF No. 53] is **GRANTED IN PART**;

3. Plaintiff's Amended Complaint [ECF No. 39] is **DISMISSED WITHOUT PREJUDICE**;

4. Plaintiff will have **one final** opportunity to file an amended complaint.

5. Any second amended complaint must be filed on or before **June 16, 2021**.

6. Plaintiff is advised that its second amended complaint must avoid incorporating into successive counts all preceding allegations and counts; must clearly identify the particular factual allegations relevant to each count; and must specify in explicit terms the exact cause of action in each count and against whom each cause of action is alleged. *See generally Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

CASE NO. 20-81123-CIV-CANNON/Reinhart

**7.**     Defendants will have 14 days from the filing of Plaintiff's amended pleading to file separate answers or a **single combined responsive motion**. Fed. R. Civ. P. 15(a)(3).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 1st day of June 2021.

                                                                                       _____
                                                                                       AILEEN M. CANNON
                                                                                       UNITED STATES DISTRICT JUDGE

cc:     counsel of record