UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-81123-CIV-CANNON/Reinhart

**EUGENE MISQUITH**,

    Plaintiff,

v.

**ROBERTO BORREGO**,
**ST. MARY'S MEDICAL CENTER**,
**PALM BEACH TRAUMA ASSOCIATES**, and
**PALM BEACH COUNTY HEALTH CARE DISTRICT**,

    Defendants.
_____/

## ORDER ACCEPTING WITH CLARIFICATIONS REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Bruce E. Reinhart's Report and Recommendation (the "Report") [ECF No. 94], entered on September 29, 2021. The Report recommends that Defendants' Joint Motion to Dismiss [ECF No. 86] be granted. Specifically, the Report recommends dismissing Counts I–XVIII with prejudice and dismissing Counts XIX–XXI without prejudice but without leave to amend. On October 27, 2021, Plaintiff filed his Objections to the Report [ECF No. 101]. Defendants filed a Notice of No Objection to the Report [ECF No. 95], as well as a Response in Opposition to Plaintiff's Objections [ECF No. 105]. The Court has reviewed the Report, Plaintiff's Objections, Defendants' Response, and the full record. In light of that review, the Court **ACCEPTS** the Report but offers the following supplementary analysis in response to Plaintiff's objections.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Eugene Misquith is a 62-year-old Indian American trauma surgeon with a chronic heart condition [ECF No. 73 ¶ 15]. On September 12, 2018, Plaintiff was suspended from his job

with St. Mary's Medical Center ("St. Mary's"), and his trauma staff privileges were subsequently terminated [ECF No. 73 ¶ 81]. Plaintiff alleges that Defendants Roberto Borrego, St. Mary's, Palm Beach County Trauma Associates ("Trauma Associates"), and Palm Beach County Health Care District ("Health Care District") violated a variety of Federal and Florida laws by discriminating against him on the basis of his age, race, national origin, and disability (Counts I–XVI).[1] Plaintiff further alleges that Borrego, St. Mary's, and Trauma Associates violated the Florida Whistleblower Act ("FWA") by retaliating against him after he raised concerns about double-billing (Counts XVII–XVIII). Lastly, Plaintiff alleges that St. Mary's and Health Care District breached their contracts with him (Counts XIX and XXI), and that Health Care District breached the implied covenant of good faith and fair dealing (Count XX).

Plaintiff initiated this action on July 13, 2020 [ECF No. 1]. Plaintiff filed his First Amended Complaint ("FAC") on November 12, 2020 [ECF No. 39]. Defendants filed a Motion to Dismiss the FAC [ECF No. 53], which the Court granted in part [ECF No. 70], dismissing the FAC as a shotgun pleading and giving Plaintiff "one final opportunity to file an amended complaint" [ECF No. 70 ¶ 4]. Plaintiff then filed the Second Amended Complaint ("SAC") on June 16, 2021 [ECF No. 73]. Defendants again moved to dismiss [ECF No. 86]. On September 29, 2021, following referral [ECF No. 88], Magistrate Judge Reinhart entered the instant Report recommending that all of Plaintiff's claims be dismissed [ECF No. 94]. The Joint Motion to Dismiss [ECF No. 86] is ripe for adjudication.

---

[1] Plaintiff brings discrimination claims under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Florida Civil Rights Act ("FCRA"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288–90 (11th Cir. 2010).

Complaints that violate Rule 8(a)(2) are referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings," including: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief," and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321–23. More broadly, "[a] dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis in original) (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

## DISCUSSION

The Report recommends dismissing Plaintiff's discrimination and retaliation claims (Counts I–XVIII) with prejudice for failure to state a claim and dismissing Plaintiff's common law claims (Counts XIX–XXI) without prejudice, but without further leave to amend, for lack of subject matter jurisdiction [ECF No. 94 p. 25]. Although the Report begins its discussion by acknowledging that the SAC is "replete with irrelevant facts, statements of legal principles, and citations to cases and statutes" and "far from a model of a 'short and plain statement' of [Plaintiff's] claims," the Report does not recommend dismissing the SAC as a shotgun pleading and instead

recommends dismissal on other grounds [ECF No. 94 pp. 6–8]. Specifically, the Report avers that dismissal of Plaintiff's ADA, Title VII, ADEA, FCRA, and FWA claims (Counts I–VIII, X–XI, and XIII–XVIII) is warranted because the SAC fails to allege that Defendants had the required minimum number of employees—an essential element of those causes of actions [ECF No. 94 pp. 8–11]. The Report further avers that Plaintiff's discrimination claims against Borrego (Counts II, IV, VI, VIII, XI, XIV, XVI, and XVIII) must be dismissed because the SAC does not adequately allege that Borrego is being sued as an "employer" as defined by the relevant statutes [ECF No. 94 pp. 11–13]. The Report proceeds to point out, correctly, that Plaintiff's ADA, Title VII, FCRA, ADEA, and 42 U.S.C. § 1981 claims (Counts I–XI, XIII–XVI) rely entirely on formulaic and conclusory allegations that do not plausibly establish causes of action [ECF No. 94 pp. 15–20], and that Plaintiff's 42 U.S.C. § 1983 claim (Count XII) fails to allege that an official local-government policy was the moving force behind Plaintiff's injury [ECF No. 94 pp. 20–22]. Following its analysis of the discrimination and retaliation claims (Counts I–XVIII), and in the absence of any remaining federal claim, the Report recommends against the exercise of supplemental jurisdiction over Plaintiff's common law contract claims (Counts XIX–XXI) [ECF No. 94 pp. 23–24].

This Court agrees that dismissal of the SAC, in its entirety, is warranted. As the Report points out, the SAC is a 90-page pleading that is "replete with irrelevant facts, statements of legal principles, and citations to cases and statutes" [ECF No. 94 p. 6]. For example, the SAC discusses the following matters which have little to no relevance to Plaintiff's claims: a book written by one of Plaintiff's patients about a 2009 mass shooting [ECF No. 73 ¶ 14], a comprehensive account of Plaintiff's personal and professional life leading up to his relationship with Defendants [ECF No. 73 ¶¶ 16–19], Florida's trauma and transfer standards and their underlying policy rationales [ECF No. 73 ¶¶ 71–76], and the Internal Revenue Service's standard for de facto

employment [ECF No. 73 ¶ 101]. The SAC is further complicated by Plaintiff's sweeping allegations of de facto employment and joint employment, devoid of particularized factual support [ECF No. 73 ¶¶ 99–115]. In light of the confusing nature of Plaintiff's allegations, the Eleventh Circuit's established opposition to shotgun pleadings, and the Court's previous order dismissing the FAC as a shotgun pleading, dismissal of the SAC is warranted for failure to comply with Rule 8(a)(2). *See Weiland*, 792 F.3d 1321–22.

In addition to this overarching defect, the SAC is plagued by many claim-specific defects.

As the Report discusses at length, Plaintiff does not adequately allege the required minimum number of employees for his ADA, Title VII, ADEA, FCRA, and FWA claims. For Counts I, V, X, XIII, XV, and XVII, the SAC alleges, "upon information and belief," that the required minimum number of employees is satisfied [ECF No. 73 ¶¶ 120, 165, 224, 265, 308, 341]. The Report avers that these allegations are "not entitled to a presumption of truth," since they lack specific factual support [ECF No. 94 pp. 10–12], and therefore the SAC fails to plausibly allege an essential element of those claims. *See United Am. Corp. v. Bitmain, Inc.*, 530 F. Supp. 3d 1241, 1261 n.21 (S.D. Fla. 2021) ("While 'information and belief' pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim."); *AT&T Mobility LLC v. Phone Card Warehouse, Inc.*, No. 08-CV-1909-ORL-18GJK, 2009 WL 10671270, at *4 (M.D. Fla. June 25, 2009) ("[Plaintiff's 'upon information and belief' allegation] is simply a variation of pleading an element of a cause of action without factual support and will not withstand a motion to dismiss."); *see also Twombly*, 550 U.S. at 557 (holding that "naked assertions, without further factual enhancement, "stop[] short of the line between possibility and plausibility."). Counts II, IV, VI, VIII, XI, XIV, XVI, and XVIII allege even less, stating simply: "[t]o the extent that this Court determines that [Defendants] have [the required minimum number of employees], we would respectfully allege that they are covered [under the relevant statute]"

6

[ECF No. 73 ¶¶ 133, 153, 179, 201, 235, 289, 325, 357]. Meanwhile, Counts III and VII make no mention of this essential element at all. The Court agrees with the Report: the SAC does not plausibly allege the required minimum number of employees for any of Plaintiff's ADA, Title VII, ADEA, FCRA, and FWA claims. Nor does the SAC plausibly allege that Defendant Borrego is an "employer" as defined by the relevant statutes, as opposed to just an officer or employee acting who acted in his individual capacity [*see* ECF No. 94 pp. 11–13],[2] or that Plaintiff was subjected to adverse employment actions as a result of discrimination [ECF No. 94 pp. 13–20 (listing Plaintiff's allegations of discrimination and highlighting the lack of factual support for the alleged claims)]. On the whole, Plaintiff's ADA, Title VII, ADEA, FCRA, FWA, and 42 U.S.C. 1981 claims rely on "conclusory allegations . . . masquerading as facts," and must be dismissed. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)

Plaintiff's claim under 42 U.S.C. § 1983, too, must be dismissed because the SAC does not plausibly allege that an official policy was the moving force behind Plaintiff's termination [ECF No. 94 pp. 20–22]. In his Objections to the Report, Plaintiff points to the letter of termination that he received and its surrounding circumstances in arguing that the SAC plausibly alleges an official policy [ECF No. 101 pp. 17–19]. However, the letter of termination simply states that Borrego chose to remove Plaintiff from trauma call coverage effective January 1, 2019 [ECF No. 73-3]. Neither the letter nor the surrounding circumstances cited by Plaintiff identifies a formal policy or connects Plaintiff's termination to said policy in any discernable way. Count XII fails to state a claim under 42 U.S.C. § 1983.

Without the accompaniment of any valid federal claims, Plaintiff's common law contract claims must be dismissed for lack of subject matter jurisdiction. In his Objections, Plaintiff argues

---

[2] Plaintiff's brings claims against Borrego in Counts II, IV, VI, VIII, XI, XIV, XVI, and XVIII.

that, even if the Court were to dismiss his federal discrimination and retaliation claims (Counts I–XVIII), the Court ought to exercise supplemental jurisdiction over the remaining claims (Counts XIX–XXI), because "there are compelling federal interests in [the] case" arising from the fact that "federal taxpayer dollars are used to fund Medicare and Medicaid" [ECF No. 101 pp. 19–20]. Not so. As the Report indicates, dismissal of common law claims is "strongly encouraged or even require[d]" where, like here, the accompanying federal claims are dismissed prior to trial [ECF No. 94 p. 24 (quoting *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.")]. The attenuated link that Plaintiff offers to justify the continued exercise of supplemental jurisdiction over Plaintiff's state law claims in the absence of any viable federal claims is insufficient.

## CONCLUSION

Following a de novo review of the Report's legal conclusions and of the portions of the Report to which an objection has been made, the Court hereby **ACCEPTS** the Report as follows:

1. Defendants' Joint Motion to Dismiss the Second Amended Complaint [ECF No. 86] is **GRANTED**.

2. Counts I–XVIII are **DISMISSED WITH PREJUDICE**.[3]

3. Counts XIX–XXI are **DISMISSED WITHOUT PREJUDICE BUT WITHOUT FURTHER LEAVE TO AMEND**.

---

[3] Pursuant to the Court's previous Order [ECF No. 70], the SAC was Plaintiff's final opportunity to plead his claims with sufficient and particularized factual support. Moreover, Plaintiff does not request an additional opportunity to replead in his Objections to the Report [ECF No. 101].

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 14th day of March 2022.

          **AILEEN M. CANNON**
          **UNITED STATES DISTRICT JUDGE**

cc: counsel of record